NO. 81565

| | | |
|---|---|---|
| KALA AKINS<br>Plaintiff, | §<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | 6th JUDICIAL DISTRICT |
| KAREN KRUSEMARK, and<br>HOBBY LOBBY, INC.<br>Defendants. | §<br>§<br>§ | OF LAMAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Kala Akins, hereinafter called Plaintiff, complaining of and about Karen Krusemark and Hobby Lobby, Inc. hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, Kala Akins, is an Individual whose address is 203 Cripple Creek Road, Powderly, Texas 75460.

3. Defendant, Karen Krusemark, is an Individual who is a non-resident of Texas, engages or has engaged in business in the state of Texas, but does not maintain a regular place of business or a designated agent for service of process. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on said Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's home or home office at 29901 Memorial Road, McLoud, Oklahoma 74851. Service of said Defendant as described above can be effected by Certified Mail Return Receipt Requested.

4. Defendant Hobby Lobby, Inc., a Corporation who is based in Oklahoma, engages or has engaged in business in state of Texas. This lawsuit arises out of the business done in this state

and to which said Defendant is a party. Therefore, under section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Sections, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to Defendant's registered agent Corporation Service Company, 115 SW 89th Street, Oklahoma City, Oklahoma 73139-8511. Service of said Defendant as described above can be effected by Certified Mail Return Receipt Requested.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Venue in Lamar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

7. On or about July 01, 2011, Plaintiff was traveling West on US Highway 82 in the left lane. Defendant driver was also traveling West on US Highway 82 in the left lane. Defendant driver was inattentive to the Plaintiff being stopped at an intersection and struck Plaintiff's vehicle sending Plaintiff into oncoming traffic and causing Plaintiff's vehicle to strike another vehicle. Defendant driver failed to keep a proper lookout and failed to keep a safe distance between Defendant driver's vehicle and Plaintiff's vehicle. Due to her negligence, Defendant driver struck Plaintiff's vehicle causing her to suffer bodily injury.

## PLAINTIFF'S CLAIM OF RESPONDEAT SUPERIOR

8. At the time of the occurrence of the act in question and immediately prior thereto, Defendant's employee was within the course and scope of employment for Defendant Hobby Lobby, Inc..

9. At the time of the occurrence of the act in question and immediately prior thereto, Defendant's Agent was engaged in the furtherance of Defendant's business.

10. At the time of the occurrence of the act in question and immediately prior thereto, Defendant's Agent was engaged in accomplishing a task for which he was employed.

11. Plaintiff invokes the doctrine of Respondeant Superior against Hobby Lobby, Inc.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST AGENT

12. Defendant Hobby Lobby, Inc.'s Agent had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13. Plaintiff's injuries were proximately caused by Defendant's Agent's negligence, careless and reckless disregard of said duty.

14. The negligent, careless and reckless disregard Defendant's Agent consisted of, but is not limited to, the following acts and omissions:

> A. In that Defendant's Agent failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances.
>
> B. In that Defendant's Agent failed to control the distance between her vehicle and Plaintiff's vehicle.

### DAMAGES FOR PLAINTIFF, KALA AKINS

15. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Kala Akins was caused to suffer bodily injury, and to incur the following damages:

> A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Kala Akins for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Lamar County, Texas;
>
> B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;
>
> C. Physical pain and suffering in the past;
>
> D. Physical pain and suffering in the future;
>
> E. Mental anguish in the past; and
>
> F. Mental anguish in the future.

### REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material described in

Rule 194.2 (a)-(k).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kala Akins, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

    Respectfully submitted,

By: _____
B. Gregg Price
Texas Bar No. 16283900
Daniel Roper
Texas Bar No. 24070527
1331 S. Broadway, Suite C
Sulphur Springs, Texas 75482
Tel. (903) 885-3139
Fax. (903) 885-9250
Attorneys for Plaintiff
Kala Akins